NO. 07-04-0302-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 20, 2005



______________________________




DAVID WAYNE SESSIONS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,765-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a not guilty plea, appellant David Wayne Sessions was convicted by a jury
of indecency with a child and sentenced to 11 years confinement. In presenting this appeal,
counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant counsel's
motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus,
he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the court's judgment. Counsel has also shown that he sent a copy of the
brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. 
In addition, counsel has demonstrated that he notified appellant of his right to review the
record and file a pro se response if he desired to do so. Appellant did not file a response. 
Neither did the State favor us with a brief.

 On August 21, 2002, appellant was indicted for indecency with a child by sexual
contact. At trial, the six year old victim testified he was forced to touch appellant sexually. 
A video interview containing the victim's description of the abuse was also presented to the
jury. Key witnesses for the State included the mother of the victim, who is also appellant's
wife, the victim's great grandmother, and the victim's private therapist. All three women
testified to the abuse as related to them by the victim. On the other hand, appellant called
witnesses which disputed the victim's veracity and testified to appellant's good reputation
in the community. 

 By his Anders brief, counsel addresses several arguable grounds for appeal. 
Appellant made five pretrial motions; four were granted. The exception was a motion in
limine made pursuant to article 38.37 of the Texas Code of Criminal Procedure to exclude
allegations of sexual misconduct contained in an expert report delivered to defense counsel
on the day of trial. Appellant obtained a running objection, preserving the issue for appellate
review. See Webb v. State, 760 S.W.2d 263, 275 (Tex.Cr.App. 1988), cert. denied, 491 U.S.
910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989) (holding that a motion in limine alone will not
preserve error for review).

 A trial court's ruling concerning the admission of evidence is reviewed under an
abuse of discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App. 2000). 
We must uphold the trial court's decision to admit the evidence as long as it falls within the
zone of reasonable disagreement. Wheeler v. State, 67 S.W.3d 879, 889 (Tex.Cr.App.
2002). Here, the court concluded that the allegations contained in the expert's report were
the same allegations provided to appellant in the State's article 38.37 notice several weeks
prior to trial. Accordingly, we do not find the court's decision to deny appellant's motion to
exclude this evidence to be an abuse of discretion.

 Counsel also addresses appellant's motion for mistrial. During the punishment
phase, the State cross-examined a probation officer called by appellant by asking, "What
happens if the probationer refuses to admit the crime? Denies it? Says, I didn't do it?''. The
officer responded by saying "he may be kicked out of the program." The State continued
to cross-examine the witness, and on redirect, appellant's counsel moved for a mistrial
contending the officer's response was an improper comment on appellant's failure to testify. 
The court denied appellant's motion.

 Mistrial is an extreme remedy appropriate only when the objectionable event is so
emotionally inflammatory that curative instructions are not likely to prevent the jury from
being unfairly prejudiced against the defendant. See Bauder v. State, 921 S.W.2d 696, 698
(Tex.Cr.App. 1996). Denial of motion for mistrial is reviewed under an abuse of discretion
standard. See Kipp v. State, 876 S.W.2d 330, 339 (Tex.Cr.App. 1994). In the present case,
even if we assume the question and response were erroneous and should not have been
admitted, their admission did not cause the degree of incurable prejudice that would justify
a mistrial. Accordingly, we do not find the court's decision to deny the motion for mistrial to
be an abuse of discretion. 

 We also find appellant was afforded effective assistance of counsel. See Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Hernandez
v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Under Strickland, a defendant must
establish that (1) counsel's performance was deficient (i.e., fell below an objective standard
of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Although the
outcome was not in appellant's favor, trial counsel filed and succeeded on multiple pre-trial
motions, conducted proper voir dire, vigorously cross-examined witnesses, and moved for
a mistrial. Absent evidence regarding counsel's trial strategy and provided the presumption
that trial counsel's conduct falls within the wide range of reasonable and professional
representation, no reversible error is demonstrated. See Bone v. State, 77 S.W.3d 828, 833
(Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

 We have made an independent examination of the entire record to determine whether
there are any arguable grounds which might support this appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the
appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477
S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).